UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L. BRIAN WHITFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:19-cv-00359 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION

Before the Court is petitioner L. Brian Whitfield's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, along with several rounds of briefing on whether said motion was filed beyond the one-year statute of limitations. (Doc. Nos. 1, 5, 6, 9, 19, 25, 27). For the following reasons, the Court will deny Whitfield's § 2255 motion as untimely filed.

**I. BACKGROUND**

Following a nine-day trial before former U.S. District Judge Todd Campbell, petitioner L. Brian Whitfield, owner and manager of a human resources and payroll processing company known as the Sommet Group, was found guilty of conspiracy, wire fraud, theft from an ERISA plan, filing false tax returns, and money laundering in violation of various federal statutes. (Case No. 3:12-cr-0444-1, Doc. No. 240; see also Case No. 3:19-cv-00359, Doc. No. 2 at 1). Whitfield was sentenced to 240 months in custody, followed by three years of supervised release. (Case No. 3:12-cr-0444-1, Doc. No. 170). Whitfield appealed his convictions, and, on October 3, 2016, the Sixth Circuit affirmed on all counts. (Id. at Doc. No. 232). Whitfield's conviction became final on January 1, 2017 because he did not file a petition for *certiorari* before the U.S. Supreme Court, (See Doc. Nos. 2 at 1–2, 8 at 1; see also Supreme Court Rule 13), and he had one-year from that date to file

a timely motion under § 2255. See 28 U.S.C. § 2255(f). On January 3, 2018, Whitfield filed a motion for an extension of time to file his § 2255 motion. (See Doc. No. 8 at 1). The Court denied the motion because it did not have jurisdiction to address timeliness issues prior to the actual filing of a § 2255 motion. (See id. at 2 (citing U.S. v. Asakevich, 810 F.3d 418 (6th Cir. 2016))).

On April 18, 2019—one year and three months beyond the statute of limitations—Whitfield filed the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 currently before the Court. (Doc. No. 1). As part of that motion, Whitfield sought an extension to "fully brief the court on the arguments within" (Id. at 9). Whitfield's motion did not explicitly address issues of timeliness. (Doc. No. 2 at 2). On May 6, 2019, the Court noted that Whitfield's § 2255 motion was likely beyond the one-year statute of limitations but allowed Whitfield to file a brief to address any timeliness issues "in an abundance of caution." (Id.).

Whitfield subsequently filed a letter, (Doc. No. 5), and a motion to amend, (Doc. No. 6), arguing that his § 2255 motion was delayed by: (1) his inability to discover certain materials, despite his due diligence; and (2) severe underservice (at the least) or even fraud (at the most) by a retained paralegal. (Doc. No. 8 at 1–2). On November 1, 2019, in order to "facilitate a ruling on the statute of limitations," the Court ordered the Government to respond to Whitfield's timeliness arguments. (Id. at 1–2).

On November 12, 2019, before the Government responded, Whitfield filed a "Motion to Clarify" timeliness issues pursuant to the Court's November 1, 2019 Order. (Doc. No. 9). In that motion, Whitfield argued that his § 2255 motion was timely for several reasons, including: (1) there was newly-discovered evidence stemming from a Freedom of Information Act ("FOIA") request that could not have been discovered despite due diligence, pursuant to 28 U.S.C. § 2255(f)(4); (2) his prior filings should have been construed as a timely filed § 2255 motion; (3)

2

the Government refused to turn over exculpatory evidence, in violation of 28 U.S.C. § 2255(f)(2); (4) he was "actually innocent"; and (5) equitable tolling applies due to his defense counsel's "unprofessional, dishonest, and purposeful behavior." (Doc. No. 9 at 1–3).

The Government responded, arguing that: (1) Whitfield was not entitled to equitable tolling; (2) the delay in his FOIA request neither yielded newly discovered evidence nor extended the statute of limitations because he did not diligently seek them out after his conviction became final; (3) the alleged Brady violation does not make Whitfield's motion timely; (4) the alleged actions of the retained paralegal firm do not make the action timely; (5) his § 2255 claims do not "relate" back to his December 2017 motion for extension of time; and (6) actual innocence does not make the petition timely. (See Doc. No. 19).

Whitfield then replied to the Government's response in a 57-page document that largely reiterated the arguments made in his initial Motion to Clarify. (Doc. No. 27). The Court notes that the reply brief violates the local rules of this Court. See M.D. Tenn. R. 7.01(a)(4) ("An optional reply memorandum . . . shall not exceed (5) pages without leave of Court."). Nonetheless, in light of Whitfield's *pro se* status, the Court will consider the reply for purposes of this opinion. Indeed, Whitfield conceded his own lack of understanding as to the length requirements. (See Doc. No. 27 at 1 n.1).

## II.    LEGAL STANDARDS

28 U.S.C. § 2255 provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution, among other things, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must demonstrate constitutional error that had a "substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States,

398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

But § 2255 petitions must be timely. A one-year statute of limitations runs from the latest of several triggering dates, including: (1) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action," and (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2), (4). Otherwise, a "judgment of conviction becomes final for § 2255 purposes upon expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004).

## III.  ANALYSIS[1]

Because Whitfield filed his motion on April 18, 2019, beyond the one-year statute of limitations, he must show that a relevant exception applies. See 28 U.S.C. § 2255(f)(1). Whitfield claims that four such exceptions render his § 2255 motion timely: (1) the equitable tolling doctrine; (2) newly discovered evidence that could not have been discovered despite due diligence; (3) the Government's refusal to turn over Brady material; and (4) his prior filings should have been construed as a timely filed § 2255 motion. The Court will address each argument in turn.

---

[1] This section will reference documents from the instant § 2255 action as well as Whitfield's underlying criminal case, No. 3:12-cr-00044. For ease of analysis, all docket entry citations, unless specified otherwise, will be to the instant § 2255 action.

4

A. <u>Equitable Tolling</u>

Whitfield argues that the doctrine of equitable tolling applies because of his defense counsel's "unprofessional, dishonest, and purposeful behavior." (Doc. No. 9 at 3).[2] Whitfield does not elucidate the exact nature of this claim; however, he does reference in his Reply brief a December 2017 letter to the Court in his underlying criminal case, in which he requests an extension of time to file his § 2255 motion. (<u>See</u> Doc. No. 27 at 4). In that letter, Whitfield argued that his defense counsel failed to file a petition for *certiorari* before the U.S. Supreme Court, despite his requests that he do so. (Case No. 3:12-cr-00044, Doc. No. 240 at 1). Having reviewed the record, the Court finds that Whitfield cannot establish the "extraordinary circumstances" required for the equitable tolling doctrine to apply based on his defense counsel's conduct. <u>Reed v. United States</u>, 13 F. App'x 311, 312 (6th Cir. 2001).

The doctrine of equitable tolling applies to the one-year statute of limitations. "[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." <u>Jefferson v. United States</u>, 730 F.3d 537, 549 (6th Cir. 2013). The doctrine should only be "granted sparingly." <u>Solomon v. United States</u>, 467 F.3d 928, 933 (6th Cir. 2006); <u>see also</u> <u>Reed</u>, 13 F. App'x at 312 (cautioning that equitable tolling only applies under "extraordinary circumstances"). Therefore, "[a] petitioner is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

---

[2] Whitfield clarified he is "not moving under 2255 for [defense counsel's] ineffective assistance in failing to file a petition for certiorari with the Supreme Court . . . ." (Case No. 3:12-cr-00044, Doc. No. 240 at 2). Accordingly, the Court will address Whitfield's claims against defense counsel only under an equitable tolling analysis.

5

prevented timely filing.'" Jefferson, 730 F.3d at 549 (citing Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010).

The Sixth Circuit employs a five-factor test to determine whether equitable tolling is appropriate in a particular case. Courts weigh: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." Moore v. United States, 483 F. App'x 445, 449 (6th Cir. 2011) (quoting Solomon v. United States, 467 F.3d 928, 933 (6th Cir. 2006)). "Where, as here, petitioner does not claim ignorance of the filing requirement, the court must focus its inquiry on the petitioner's diligence and 'the reasonableness of his ignorance of the effect of his delay.'" Id. (quoting King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004)); see also Jefferson, 730 F.3d at 549 (finding that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.").

Here, the factors weigh against a finding that Whitfield pursued his rights diligently or that his defense counsel committed serious misconduct such that equitable tolling is warranted. In his December 2017 letter, Whitfield claims that he "postponed moving under 2255 in good faith reliance on [defense counsel's] continued claims to [him] since November 2016 that he was filing a timely petition of certiorari with the Supreme Court." (Case No. 3:12-cr-00044, Doc. No. 44 at 1). But the Court already considered, and rejected, this argument when denying Whitfield's extension request. (Case No. 3:12-cr-00044, Doc. No. 242). It is true that "serious instances of attorney misconduct . . . amount to egregious behavior and create an extraordinary circumstance" that would necessitate equitable tolling. Holland, 560 U.S. at 649–52. However, "equitable tolling

6

is not warranted by attorney negligence, whether ordinary or gross . . . because an attorney customarily acts as a petitioner's agent and because a petitioner 'bears the risk of negligent conduct on the part of his [attorney].'" Sluss v. United States, No. 2:13-CR-90, 2019 WL 4195132, at *3 (W.D. Tenn. Sep. 3, 2019) (quoting Maples v. Thomas, 565 U.S. 266, 281 (2012)). Upon review of the record, there is no evidence that Whitfield's defense counsel committed any misconduct serious enough to warrant equitable tolling. (Case No. 3:12-cr-00044, Doc. No. 240). And even were equitable tolling to apply to Whtifield's good faith reliance on his defense counsel's purported *certiorari* filing assurances, Whitfield's § 2255 motion would still be untimely. The record evidence shows that Whitfield stopped attempting to contact defense counsel on October 2017, despite conceding in a November 7, 2017 letter to the Court that he had "one year from the last ruling by the Court to file a 2255 filing." (Case No. 3:12-cr-00044, Doc. No. 239 at 1; see also id. at Doc. No. 240 at 19). Whitfield has not cited to sufficient record evidence to establish that any "extraordinary circumstance stood in his way" to file the very petition he waited another almost year and a half to file.

Whitfield also argues that the actual innocence rationale for equitable tolling applies. (See Doc. No. 9 at 3). "Equitable tolling may also be appropriate in an 'extraordinary case,' where the movant makes a credible showing of actual innocence." Reliford v. United States, No. 2:14-cv-02163-JPM-cgc, 2016 WL 3866624, at *9 (W.D. Tenn. July 13, 2016) (citing Schlup v. Delo, 513 U.S. 298, 321 (1995)). "To establish actual innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005) (citing Schlup, 513 U.S. at 327). This exception "remain[s] rare." Schlup, 513 U.S. at 321.

7

The Court finds that Whitfield cannot meet the stringent standard required for actual innocence. "[A]ctual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). To make a credible claim for actual innocence, a "petitioner [must] support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 324. Here, Whitfield claims there are "three different categories of new evidence: (1) the [Department of Labor] audit . . . which showed the Government prosecuted Whitfield over conduct they knew he did not do; (2) the DOL audit report and the interviews of Purser, Todd and Smith . . . which showed the perjured testimonies of" various witnesses; and (3) "other evidence," such as "internal Government memos," and "internal Sommet emails . . . which added to the defense and deducted from the prosecution because it was further proof showing the depth of the Government's fraudulent conduct." (Doc. No. 27 at 49).

But Whitfield makes no factual averments in either his Motion to Clarify or his 57-page reply beyond conclusory allegations as to an amorphous scheme of fraudulent conduct by the Government. (See Doc. No. 27 at 46–50). "[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." Jefferson, 730 F.3d at 547 (internal citations and quotations omitted). Nor is the evidence of such schemes reliable. See Avery v. United States, No. 2:14-cv-2118-SHM, 2017 WL 1185231, at *6 n. 5 (W.D. Tenn. Mar. 29, 2017) (rejecting evidence on an actual innocence claim that was not reliable). Whitfield's allegations fail to cut against the Sixth Circuit's affirmance of the trial verdict, see U.S. v. Whitfield, 663 F. App'x 400, 404, 406 (6th Cir. 2016), let alone establish it is "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

Souter, 395 F.3d at 590. Accordingly, the Court finds that Whitfield cannot establish the actual innocence rationale for equitable tolling.

B. Newly Discovered Evidence

Whitfield next argues that newly discovered evidence, stemming from a Freedom of Information Act ("FOIA") request to the Department of Labor, establishes that the one-year statute of limitations did not begin until at least December 2017; thus, Whitfield argues, his § 2255 was timely filed. (See Doc. Nos. 9 at 2; 25 at 15). Under 28 U.S.C. § 2255(f), the one-year statute of limitations period runs "from the latest of" several triggering dates, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Courts have stressed that "the key question is whether, taking into account the reality of the prison system, [the movant] could have discovered the factual predicate for his claim[] using due diligence more than a year before filing" his § 2255 motion." McWhorter v. United States, No. 3:16-cv-01942, 2018 WL 3770065, at *3 (M.D. Tenn. Aug. 9, 2018) (internal citations and quotations omitted); see also Jefferson, 730 F.3d at 544.

As discussed in Section III.A, *supra*, Whitfield claimed "three different categories of new evidence: (1) the [Department of Labor] audit . . . which showed the Government prosecuted Whitfield over conduct they knew he did not do; (2) the DOL audit report and the interviews of Purser, Todd and Smith . . . which showed the perjured testimonies of" various witnesses; and (3) "other evidence," such as "internal Government memos," and "internal Sommet emails . . . which added to the defense and deducted from the prosecution because it was further proof showing the depth of the Government's fraudulent conduct." (Doc. No. 27 at 49; see also id. at 42–43). Having reviewed this evidence and the record, the Court concludes that Whitfield could have "discovered the factual predicate for his claim" prior to the alleged delay by the Government in responding to

9

his FOIA request. Id. Indeed, Whitfield has conceded at various points throughout his various briefings, in both the instant and underlying cases, that the information sought was known and available to him and defense counsel at trial. Indeed, Whitfield admitted that "he sought the records that he knew existed" and that "defendant chose to not go after [the evidence] even after being informed of its existence." (Doc. No. 1 at 6, 12). And he also acknowledges that defense counsel "could have shown Whtifield's innocence by investigating the raw data in Sommet's internal files." (Doc. No. 27 at 43). Put simply, Whitfield knew the factual predicate for these claims "more than year before filing" his § 2255 motion. McWhorter, 2018 WL 3770065, at *3. Accordingly, the Court finds that Whitfield cannot show that newly discovered evidence tolled the statute of limitations.

C. Alleged Brady Violations

Whitfield also contends the Government refused to turn over exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Specifically, Whitfield argues that the Government produced a larger "investigatory file" to which he did not have access. (See Doc. No. 27 at 36). Under Brady, "a defendant's due process rights are violated if the prosecution suppresses material exculpatory evidence that is favorable to the defense." Jefferson, 730 F.3d at 549–50 (citing Hanna v. Ishee, 694 F.3d 596, 610 (6th Cir. 2012)). The prosecution also violates Brady "if it . . . fails to volunteer evidence not requested by the defense, or requested only generally." Id. To succeed under a Brady claim, a habeas petitioner must establish: "(1) the withheld evidence was favorable to the petitioner, (2) the evidence was suppressed by the government, and (3) the petitioner suffered prejudice." Id. (citing Jells v. Mitchell, 538 F.3d 478, 501 (6th Cir. 2008)).

After reviewing the record, the Court concludes that Whitfield cannot establish a Brady violation. Whitfield admits that much of the Government's "investigatory file" contained

10

Sommet's own files, (Doc. No. 27 at 36), and there is neither any indication, nor any record evidence, that suggests the Government failed to turn over exculpatory evidence pertaining to files which Whitfield himself turned over to the Government. As with newly discovered evidence, "[t]he key question [for Brady violations] is whether . . . [the movant] could have discovered the factual predicate for his claim[] using due diligence more than a year before filing his § 2255 motion." McWhorter v. United States, 2018 WL 3770065, at *3 (internal citations and quotations omitted); see also Jefferson, 730 F.3d at 544. Here, Whitfield could have discovered the factual predicate to his Brady claim because he had access to the files included in the Government's investigatory file. (Doc. No. 1 at 6, 12; see also Doc. No. 27 at 43). He also made clear that such information, as discussed in Section III.B *supra*, was known, accessible, and not investigated. (Id.).

Moreover, Whitfield's claims regarding the Government's conspiracy to lie and suppress evidence are, as discussed in Section III.A *supra*, nothing more than conclusory allegations. Again, conclusory allegations alone are insufficient for § 2255 claims, see Jefferson, 730 at 547, and this standard also applies to Brady violations. See Joyner v. United States, No. 3:14-cr-124, 3:17-cv-487, 2019 WL 5964567, at *4 (E.D. Tenn. Nov. 13, 2019) (rejecting petitioner's Brady claim because it was "purely conclusory and . . . without any factual support"). Whitfield's claims, although argued in flowery prose, are threadbare and present nothing more than conclusory allegations as to an alleged governmental conspiracy. These allegations do not establish a Brady violation. See Jefferson, 730 F.3d at 549–50. And unlike cases on which Whitfield relies, this case has not been fraught with internal investigations or additional disclosures by the Government to rectify wrongs in disclosing exculpatory evidence. See id. at 54–43. Accordingly, the Court finds that Whitfield cannot establish a Brady violation.

D. <u>Whether Whitfield's Prior Filings Should Have Been Construed as a Timely Filed § 2255 Motion</u>

Finally, Whitfield argues "the case can be made that [he] gave sufficient details [to the Court] about his proposed 2255 action" from December 2017 through his January 3 extension motion. (Doc. No. 9 at 1–2). According to Whitfield, the Court should have construed these filings, in totality, as "bread crumbs laid out on a trail leading the Court to an understanding of the issues put forth in his 2255 submission." (<u>Id.</u> at 2; <u>see also</u> Doc. No. 27 at 7). But Whitfield misapplies Sixth Circuit case law in crafting such an argument.

In <u>United States v. Asakevich</u>, the Sixth Circuit references two, limited "safety valves that may occasionally apply when a litigant files a premature motion." 810 F.3d at 423–24. First, "[s]ome pro se extension motions . . . may have sufficient details about the proposed § 2255 action that a district court could fairly construe the extension motion as a § 2255 action." <u>Id.</u> at 424 (citing <u>Castro v. United States</u>, 540 U.S. 375, 381–83 (2003). Second, "a failed pro se extension motion may provide support for the equitable tolling of a late, but later *filed*, § 2255 action." <u>Id.</u> (emphasis supplied). "In both settings, the district court's discretion . . . guide[s] the answer" of whether either safety valve applies. <u>Id.</u>

Using the discretion afforded by <u>Asakevich</u>, and having reviewed the record, the Court finds that neither safety valve applies to this case. Here, pursuant to the first safety valve, the Court neither "fairly construe[d]," nor should it have construed, Whitfield's earlier motion for an extension of time as a § 2255 motion. <u>Id.</u> at 424. Indeed, the Court found that Whitfield failed "to cite any legal authority supporting" his request, and it cited to <u>Asakevich</u> for the proposition that it lacked authority to address timeliness issues before the actual filing of the § 2255 motion. (Doc. No. 2 at 2; <u>see also</u> Case No. 3:12-cr-00044, Doc. No. 242). The second safety valve is similarly inapplicable because, for the reasons stated in Section III.A, *supra*, Whitfield cannot show that

12

equitable tolling applies. See Asakevich, 810 F.3d at 424. Accordingly, the Court declines Whitfield's invitation to "transfer [his] § 2255 'Extension Motion' to a timely-filed § 2255 action." (Doc. No. 27 at 7). At the end of the day, there are statutorily imposed rules applicable to § 2255 motions. Whitfield did not follow these rules, and his allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, [and are] conclusions rather than statements of fact." Jordan v. United States, No. 3:17-cv-00998, 2020 WL 4003760, at *3 (M.D. Tenn. July 15, 2020) (citing Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007)).

## IV. CONCLUSION

For the foregoing reasons, Whitfield's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), will be denied, and this case will be dismissed.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE