UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L. BRIAN WHITFIELD, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | No. 3:19-cv-00359 |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a letter from L. Brian Whitfield dated June 8, 2021, in which he provides notice of his intent to appeal the Court's Order and Memorandum Opinion of April 26, 2021. (Doc. No. 32). In that Order and Memorandum Opinion, the Court denied Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court and dismissed this action. (Doc. Nos. 28 and 29).

In his letter, Movant explains that he has not received notice from the Court of the disposition of his Section 2255 motion. (Doc. No. 32 at 1). Instead, he learned of the disposition "after having someone look on Pacer" for him. (Id.) He continues:

> Based on the docket for this case, correspondence from the court was received by the mail room at Englewood Federal Correctional Institution, but refused as undeliverable because it was not in a white envelope. According to the docket, the correspondence was re-sent to Whitfield on May 25, 2021, in a white envelope. As of this writing, it still has not been received.

(Id.)

The docket in this case reflects that the mail sent to Movant by the Court on April 26, 2021, was returned and stamped "Only White Stationary Allowed." (Doc. No. 31). After receiving the

1

returned mail, the Clerk re-sent the April 26, 2021 Order and Memorandum Opinion in a "white" envelope. (Id.) To date, that mail has not been returned to the Court. However, Movant contacted the Clerk's Office on July 15, 2021, and stated that he had not received the Order and Memorandum Opinion. On July 19, 2021, a mailroom employee at Plaintiff's facility confirmed with the Clerk that she had reviewed the facility's log of incoming legal mail addressed to Movant and no such mail was received in the months of May or June. Therefore, for unknown reasons, it appears that Movant still has not received a copy of the Court's Order and Memorandum dismissing his Section 2255 motion.

In his June 8, 2021 letter, Movant states that he "has no idea how to proceed," given the circumstances. (Doc. No. 32 at 1). He explains: "Since thirty (30) days have passed since the Order was entered, I believed it better safe than sorry to send the notice now to show that I responded as soon as I learned about it." (Id. at 2).

In a civil case, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A.) However, when the United States is one of the parties, as is the case here, the notice of appeal "may be filed by any party within 60 days after entry of the judgment or ordered appealed from." Fed. R. App. P. 4(a)(1)(B)(i). The district court may extend the time to file a notice of appeal if a party requests an extension no later than 30 days after the time prescribed by Rule A(a) expires and the party shows excusable neglect or good cause. See Fed. R. App. P. 4(a)(5).

Here, the Order and Memorandum Opinion that Movant wishes to appeal was entered on April 26, 2021. (Doc. Nos. 28 and 29). Because the United States is a party, Movant had until 60 days after April 26, 2021, to file his notice of appeal. Therefore, his June 8, 2021 letter to the Court was filed within the 60-day window under Fed. R. App. P. 4(a)(1)(B)(i). In any event, Movant has

2

Case 3:19-cv-00359   Document 33   Filed 07/22/21   Page 2 of 4 PageID #: 404

never received formal notice of the entry of the Order and Memorandum at issue. Movant has demonstrated that he did not "sit on his rights" when he learned about the Order and Memorandum through another inmate's Pacer research because Movant contacted the Court only one day later in writing and then again by telephone.

The Federal Rules of Appellate Procedure provide that a notice of appeal must:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ;
(B) designate the judgment, order, or part thereof being appealed; and
(C) name the court to which the appeal is taken.

Fed. R. App. P. 3(c)(1). Rule 3(c)(4) provides that an appeal "must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent is otherwise clear from the notice." Indeed, the Sixth Circuit has held that "[w]ould-be appellants . . . must complete two modest tasks before their appeals 'may be taken': They must give 'notice' of their appeal, and they must give that notice 'in time.'" Jackson v. United States, Nos. 1:20-cv-4, 1:00-cr-23, 2011 WL 3300368, at *4 (quoting Isert v. Ford Motor Co., 461 F.3d 756, 758 (6th Cir. 2006)).

The Court finds that Movant's most recent filing evidences his timely and unambiguous intent to appeal, to the appropriate federal appellate court, the Court's Order and Memorandum Opinion denying his Section 2255 motion and dismissing this action. Movant signed his filing. Accordingly, the Clerk is **DIRECTED** to docket Movant's letter of June 8, 2021 as a Notice of Appeal.

To prosecute a civil appeal, a notice of appeal must be accompanied by either the full appellate filing fee or an application to proceed in forma pauperis in lieu thereof. 28 U.S.C. § 1915(a)(1). The Clerk is **DIRECTED** to send Movant a blank application to proceed in forma

3

pauperis for prisoners for his convenience. Within 30 days of receiving this Order, Movant **MUST** return the completed application or submit the full appellate filing fee of $505.00 to the Court.

The Court previously denied a Certificate of Appealability in this case. (Doc. No. 29 at 1). However, Movant may seek a Certificate of Appealability directly from the United States Court of Appeals for the Sixth Circuit under Federal Rule of Appellate Procedure 22.

The Clerk is directed to forward a copy of this Order to the Clerk of Court of the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE